EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: emilyrose@siegelyee.com

DEBORAH M. GOLDEN, *Pro Hac Vice Forthcoming*
THE LAW OFFICE OF DEBORAH M. GOLDEN
700 Pennsylvania Ave. SE, 2nd Floor
Washington, DC 20003
Telephone: (202) 630-0332
Email: dgolden@debgoldenlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.T., | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES AND JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA; SERGIO SAUCEDO, in his individual capacity. | ) |
| | ) |
| Defendants. | ) |

## INTRODUCTION

1. S.T. served a sentence in the Bureau of Prisons and was housed at Federal Corrections Institution Dublin ("FCI Dublin"), known openly at the time as "the Rape Club," for nearly two years.

2. While housed at FCI Dublin, S.T. faced intense sexual harassment and is continuing to deal with the long-lasting trauma that resulted.

*S.T. v. United States of America*, No.
Complaint for Damages and Jury Demand - 1

**JURISDICTION AND VENUE**

3. An actual, present, and justiciable controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a).

4. This action involves claims arising under United States and California laws. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

5. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Assignment is appropriate in the Oakland Division of this Court because that is where "a substantial part of the events or omissions giving rise to the claim[s] occurred." Furthermore, several related cases have already been assigned to District Judge Yvonne Gonzalez Rogers, and Plaintiff S.T. will be filing an administrative motion to relate this case to those other cases.

**PARTIES**

7. Plaintiff S.T. was at all times relevant here incarcerated in FCI Dublin.

8. Defendant United States of America Federal Bureau of Prisons ("BOP") is a governmental entity that operates and is in possession and control of the Federal Correctional Institute Dublin ("FCI Dublin"). FCI Dublin is a federal female low-security correctional institution.

9. Defendant Sergio Saucedo was a Correctional Officer at FCI Dublin. He is sued in his individual capacity.

10. While acting and failing to act as alleged herein, Defendant United States had complete custody and total control of Plaintiff S.T. Plaintiff S.T. was dependent upon Defendant United States for her personal security and necessities.

11. In performing the acts and/or omissions contained herein, Defendant Saucedo acted under color of federal law, and Plaintiff S.T. is informed and believes he acted maliciously, callously, intentionally, recklessly, with gross negligence, and with deliberate indifference to the rights and personal security of Plaintiff S.T. He knew or should have known that his conduct, attitudes, actions, and omissions were, and are, a threat to Plaintiff S.T. and to her

constitutionally and statutorily protected rights. Despite this knowledge, Defendant United States failed to take steps to protect Plaintiff S.T. and to ensure her rights to safety from sexual abuse.

**FACTS**

12. Plaintiff S.T. was incarcerated at FCI Dublin in July 2021, until she was released in June 2023.

13. When Plaintiff S.T. first arrived at FCI Dublin, she spent twenty-two days in quarantine.

14. While in quarantine, Plaintiff S.T. was only able to be outside her cell to take a fifteen-minute shower on Tuesdays and Fridays.

15. Otherwise, Plaintiff S.T. had to remain in the quarantine cell.

16. On, or about, July 16, 2021, Plaintiff S.T. was out of her cell to take her shower.

17. Plaintiff S.T. preferred to use the wheelchair accessible shower stall because the water always ran cold and the spaciousness allowed her to not have to constantly be in the stream of cold water. While she was showering, Defendant Saucedo ripped open the shower curtain.

18. Defendant Saucedo stared at Plaintiff S.T. and told her to "get your fat ass in gear."

19. Plaintiff S.T. was entirely nude at the time and was terrified that Defendant Saucedo had looked at her body.

20. Then, again, four days later, Plaintiff S.T. was released for her shower.

21. Again, while Plaintiff S.T. was showering in the accessible shower, Defendant Saucedo ripped open the shower curtain.

22. She turned to shield her breasts and genitalia from Defendant Saucedo.

23. This time, Defendant Saucedo ordered Plaintiff S.T. to "turn around so I can see your pussy."

24. Plaintiff S.T. was terrified and felt powerless.

25. She was scared that if she did not do as Defendant Saucedo said, she might get written up for disobeying an order.

26. Plaintiff S.T. turned around and obeyed Defendant Saucedo.

27. After leering at her naked body, Defendant Saucedo walked off.

28. For the remaining time that Plaintiff S.T. was in quarantine, she refused to use the accessible shower.

29. Instead, Plaintiff S.T. used the other showers, which had four units each and other prisoners using them at the same time.

30. Plaintiff S.T. could see Defendant Saucedo stand outside the shower area, watching her and others as they showered.

31. Although this made her intensely uncomfortable, she at least felt that she was not alone and as vulnerable to attack as she did in the accessible shower.

32. Defendant Saucedo worked in the quarantine unit during the twenty-two days Plaintiff S.T. was there.

33. He regularly came to work, yelling, "Welcome to hell ladies, you're mine."

34. He would scream at other prisoners, bang on doors at all hours, and sexually harass other prisoners openly and in front of other officers.

35. As a result of this behavior, in addition to the sexual harassment and intimidation, Plaintiff S.T. did not believe she would be able to report the sexual harassment.

36. Additionally, other prisoners who had been incarcerated for longer than she, told her that reporting Defendant Saucedo would only result in further retaliation.

37. Plaintiff S.T. felt powerless, degraded, and belittled, and that she was not protected within the BOP.

38. This was reinforced in many ways.

39. Plaintiff S.T. was targeted for many room searches, during which time officers would tear apart her room, contrary to BOP policy. If she complained, she was only subjected to more and increasingly intrusive searches.

40. Plaintiff S.T. asked her counselor how to report officer misconduct, and her counselor advised her not to, telling her that she should not report any officer because it simply would not do any good.

41. When Plaintiff S.T. did report misconduct committed against another prisoner, she was called into the office and made to feel like she was a snitch, which is dangerous to be labeled in prison.

42. Plaintiff S.T. got the message and kept her mouth shut.

43. Throughout the rest of her incarceration, Plaintiff S.T. did her best to avoid Defendant Saucedo and was terrified whenever she had to interact with him.

44. She suffers from mental and emotional distress as a result of Defendant Saucedo's sexual harassment and aggression.

## EXHAUSTION

45. On February 4, 2025, Plaintiff S.T., through counsel, mailed an administrative claim under the FTCA to the BOP's Western Regional Office.

46. The BOP acknowledged receipt on February 18, 2025.

47. The BOP has not substantively responded to her claim.

## EQUITABLE TOLLING

48. Plaintiff S.T. is entitled to equitable tolling for her FTCA claim.

49. The FTCA's statute of limitations is subject to equitable tolling. *United States v. Wong*, 575 U.S. 402, 420 (2015).

50. Equitable tolling applies when 1) a plaintiff pursued their rights diligently, and 2) extraordinary circumstances prevented timely filing. *Wong v. Beebe*, 732 F. 2d 1030, 1052 (9th Cir. 2013).

51. Courts have long recognized that survivors of sexual abuse may be entitled to equitable tolling where trauma, fear, retaliation, and coercion prevented timely filing. *See* e.g., *Su v. United States*, No. 4:25-cv-00329-YGR (N.D. Cal. Sept. 3, 2025), ECF No. 24; *Stoll v. Runyon*, 165 F. 3d 1238, 1242 (9th Cir. 1999) (equitable tolling is appropriate where sexual abuse and post-traumatic stress disorder rendered the plaintiff unable to timely pursue claim)).

52. Plaintiff S.T. clearly faced extraordinary circumstances, preventing the timely filing of her FTCA claim.

53. Because Plaintiff S.T. remained incarcerated within the BOP until June 2023, and remains on supervised release until June 2026, she continues to experience extraordinary circumstances, which prevent her from freely accessing the courts or safely pursuing her claims.

54. As long as she remained under BOP custody and control, the threats, coercion, and fear of retaliation continued to silence her.

55. A court-appointed Special Master confirmed that during the time of Plaintiff S.T.'s incarceration, "there was no safe or consistent path women could take to file sex abuse complaints," that women were "intimidated and forced to justify why they needed to complete [PREA] forms in the first place, "and that women who tried to report abuse were met with retaliation, including solitary confinement and wrongful disciplinary infractions which extended their incarceration.[1]

56. It was not until Plaintiff S.T. attended a meeting of the Dublin Survivors Coalition in the fall of 2024, where she was assured by the other attendees that there were lawyers who could be trusted to help address these issues and protect her safety that she felt safe coming forward.

57. Plaintiff S.T. has diligently pursued her rights by initiating this claim as soon as she felt some level of safety.

58. She sought out an attorney after she was taken off her ankle monitor, fearing that filing a lawsuit might put her at risk of getting sent back to prison or that she would likely face other forms of punitive retaliation. Plaintiff S.T. had to unlearn all of the enforced silence and fear in order to finally come forward, and she was able to with the help of a group of other survivors, which she was only able to access after the removal of her ankle monitor.

59. Plaintiff S.T. has further demonstrated that she faced extraordinary circumstances preventing her from filing within the ordinary FTCA statutory period.

---

[1] Lisa Fernandez, FCI Dublin Special Master Finds 'Cascade Failures at Women's Prison, KTVU (Aug. 20, 2024), https://www.ktvu.com/news/fci-dublin-special-master-finds-cascade-failures-womens-prison; Lisa Fernandez, Special Master Issues 1st Report on FCI Dublin Sex Assault, KTVU (Aug. 19, 2024), https://www.ktvu.com/news/special-master-issues-1st-report-fci-dublin-sex-assault; Lisa Fernandez, FCI Dublin Special Master Authorized to Ensure Women Care for at Other Prisons: Judge, KTVU (May 21, 2024), https://www.ktvu.com/news/fci-dublin-special-master-authorized-to-ensure-women-cared-for-at-other-prisons-judge

60. Defendants are not entitled to benefit from their own misconduct. Equitable tolling of Plaintiff S.T.'s statute of limitations prevents this very result. Without the equitable tolling of Plaintiff's statute of limitations, Defendants would be rewarded for the very intimidation, retaliation, and constitutional violations that prevented Plaintiff from asserting her claim within the statutory period.

**CLAIMS FOR RELIEF**
**FIRST CLAIM FOR RELIEF**
**GENDER VIOLENCE**
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 52.4)**

61. Plaintiff S.T. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

62. Plaintiff S.T. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against the United States based on the conduct of its employee, Defendant Saucedo.

63. The United States is named as a defendant for the acts of its individual employee under the Federal Tort Claims Act.

64. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

65. His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

66. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

67. Defendant Saucedo discriminated against Plaintiff S.T. based on her gender when he repeatedly sexually harassed her.

68. By these acts, Defendant Saucedo caused Plaintiff S.T. mental and emotional injuries as well as injury to her personal dignity.

**SECOND CLAIM FOR RELIEF**
**GENDER VIOLENCE**
**(against Defendant Saucedo)**
**(FTCA; Cal. Civ. Code § 52.4)**

69. Plaintiff S.T. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

70. Plaintiff S.T. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against Defendant Saucedo.

71. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

72. His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

73. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

74. Plaintiff has a nonfrivolous argument that Defendant Saucedo bears individual liability and is not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

75. Defendant Saucedo discriminated against Plaintiff S.T. based on her gender when he repeatedly sexually harassed her.

76. By these acts, Defendant Saucedo caused Plaintiff S.T. mental and emotional injuries as well as injury to her personal dignity.

**THIRD CLAIM FOR RELIEF**
**SEXUAL ASSAULT**
**(against Defendant United States)**
**(FTCA; California Common Law)**

77. Plaintiff S.T. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

78. Plaintiff S.T. brings this claim for sexual assault under the Federal Tort Claims Act for violation of California common law against the United States based on the conduct of its employee, Defendant Saucedo.

79. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

80. Defendant Saucedo's position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

81. Defendant Saucedo violated Plaintiff S.T.'s right to be free from sexual assault by repeatedly engaging in conduct that placed Plaintiff in fear of imminent sexual abuse.

82. Defendant Saucedo's misconduct towards Plaintiff S.T. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

83. Defendants Saucedo intentionally and maliciously subjected Plaintiff S.T. to imminent fear that he would engage in harmful or offensive contact with Plaintiff S.T.'s person.

84. By intentionally subjecting Plaintiff S.T. to this misconduct, Defendant Saucedo acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

85. By repeatedly subjecting Plaintiff S.T. to the threat of sexual acts, Defendant Saucedo caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

**FOURTH CLAIM FOR RELIEF**
**SEXUAL ASSAULT**
**(against Defendant Saucedo)**
**(California Common Law)**

86. Plaintiff S.T. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

87. Plaintiff S.T. brings this claim for sexual assault for violation of her rights under California common law against Defendant Saucedo.

88. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

89. Defendant Saucedo's position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

90. Defendant Saucedo violated Plaintiff S.T.'s right to be free from sexual assault by repeatedly engaging in conduct that placed Plaintiff in fear of imminent sexual abuse.

91. Defendant Saucedo's misconduct towards Plaintiff S.T. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

92. Defendants Saucedo intentionally and maliciously subjected Plaintiff S.T. to imminent fear that he would engage in harmful or offensive contact with Plaintiff S.T.'s person.

93. By intentionally subjecting Plaintiff S.T. to this misconduct, Defendant Saucedo acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

94. By repeatedly subjecting Plaintiff S.T. to the threat of sexual acts, Defendant Saucedo caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

**FIFTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendant United States)**
**(FTCA; California Common Law)**

95. Plaintiff S.T. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

96. Plaintiff S.T. brings this claim under the Federal Tort Claims Act for the intentional infliction of emotional distress against the United States based on the conduct of Defendant Saucedo.

97. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

98. His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

99. Defendant Saucedo engaged in outrageous conduct by repeatedly subjecting Plaintiff S.T. to sexual harassment while she was incarcerated as a prisoner in his employer's custody. He abused his authority over Plaintiff S.T. and his power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

100. Defendant's sexual harassment caused Plaintiff S.T. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

101. Defendant Saucedo intended to cause Plaintiff S.T. this emotional distress because he knew that emotional distress was likely to result from his sexual harassment of an inmate.

**SIXTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendant Saucedo)**
**(California Common Law)**

102. Plaintiff S.T. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

103. Plaintiff S.T. brings this claim for the intentional infliction of emotional distress against Defendant Saucedo.

104. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

105. His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

106. Defendant Saucedo engaged in outrageous conduct by repeatedly subjecting Plaintiff S.T. to sexual harassment while she was incarcerated as a prisoner in his employer's custody. He abused his authority over Plaintiff S.T. and his power to affect her in a manner that

was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

107. Defendant's sexual harassment caused Plaintiff S.T. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

108. Defendant Saucedo intended to cause Plaintiff S.T. this emotional distress because he knew that emotional distress was likely to result from his sexual abuse of a prisoner.

**SEVENTH CLAIM FOR RELIEF**
**BANE ACT**
**(against all Defendants)**
**(FTCA; Cal. Civ. Code § 52.1)**

109. Plaintiff S.T. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

110. Plaintiff S.T. was in the custody and control of the United States during all relevant times.

111. Defendant Saucedo violated Plaintiff S.T.'s rights to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

112. Defendant United States, by the actions of its employee, interfered with Plaintiff S.T.'s right to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

113. As a proximate result of these acts, Plaintiff S.T. sustained damage and injury.

**EIGHTH CLAIM FOR RELIEF**
**TRAFFICKING VICTIMS PROTECTION ACT**
**(against all Defendants)**
**(18 U.S.C. § 1581, *et seq*.)**

114.  Plaintiff S.T. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

115.  Defendant Saucedo knowingly recruited, enticed, and solicited Plaintiff S.T. by offering benefits and things of value, such as not being placed in the SHU or retaliated against, for engaging in sexual behavior.

116.  Defendant United States knew of, or should have reasonably known, that Defendant Saucedo was soliciting Plaintiff S.T. in exchange for sex acts, and benefited by failing to protect Plaintiff S.T.

117.  This conduct has caused Plaintiff S.T. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm, and she has a claim for damages for such violations under 18 U.S.C. § 1591, 18 U.S.C. § 1595.

**NINTH CLAIM FOR RELIEF**
**CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT**
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 52.5)**

118.  Plaintiff S.T. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

119.  Defendant Saucedo knowingly recruited, enticed, and solicited Plaintiff S.T. by offering benefits and things of value, such as not being placed in the SHU or being retaliated against, for engaging in sexual behavior.

120.  Defendant United States knew of, or should have reasonably known, that Defendant Saucedo was soliciting Plaintiff S.T. in exchange for sexual behavior, and benefited by failing to protect Plaintiff S.T.

121.  Defendant United States employed Defendant Saucedo, whose actions and/or inactions occurred while he was acting as a federal employee under the color of law.

122. This conduct has caused Plaintiff S.T. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

**TENTH CLAIM FOR RELIEF**
**CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT**
**(against Defendant Saucedo)**
**(Cal. Civ. Code § 52.5)**

123. Plaintiff S.T. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

124. Defendant Saucedo knowingly recruited, enticed, and solicited Plaintiff S.T. by offering benefits and things of value, such as not being placed in the SHU or being retaliated against, for engaging in sexual behavior.

125. Defendant United States knew of, or should have reasonably known, that Defendant Saucedo was soliciting Plaintiff S.T. in exchange for sex acts, and benefited by failing to protect Plaintiff S.T.

126. This conduct has caused Plaintiff S.T. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

**PRAYER FOR RELIEF**

127. Plaintiff S.T. prays for judgment against Defendant, and each of them, as follows:

(a) An award of damages, including compensatory, special, punitive, and nominal damages, to Plaintiff S.T. in an amount to be determined at trial;

(b) An award to Plaintiff S.T. of the costs of this suit and reasonable attorneys' fees and litigation expenses, including expert witness fees; and

(c) For such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff S.T. hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: November 6, 2025            SIEGEL, YEE, BRUNNER & MEHTA

By:_____
EmilyRose Johns

THE LAW OFFICE OF DEBORAH M. GOLDEN


By: /s/ *Deborah M. Golden*
       Deborah M. Golden

DC Bar # 470-578
Motion for *pro hac vice* forthcoming

*Attorneys for Plaintiff*